## In Re Anonymous Nos. 41 & 54 D.B. 80

Disciplinary Docket nos. 41 and 54 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

HELWIG, *Member,* August 10, 1983—After review of the Report of the Hearing Committee and record in the above matter, the board submits the following findings and recommendations pursuant to Rule 89.273(a)(5) of the Disciplinary Board.

### FINDINGS OF FACT[1]

1. On May 21, 1982, the original Hearing Committee filed its Report with two members recommending that the petitioner be suspended from the practice of law for a period of one year, for violation of Disciplinary Rule D.R. 1-102(A)(4), D.R. 1-102(A)(5), D.R. 7-102(A)(4) and D.R. 7-102(B)(6). The third member of hearing committee [ ] recommended that the petitioner be issued a public censure with probation under such terms and conditions as the Board or the Supreme Court deemed appropriate.

2. The Report of the Disciplinary Board of the Supreme Court of Pennsylvania, dated September

---

1. The board adopts and incorporates in this report the findings submitted to the board by the hearing committee, except finding no. 2 which was technically incorrect.

16, 1982, shows that the board also did not reach a unanimous decision, but a majority recommended that petitioner be suspended for one year by the Supreme Court. One member dissented and recommended only public censure.

3. By order of the Supreme Court of Pennsylvania dated October 19, 1982, petitioner was suspended from the Bar of the Commonwealth for a period of six months, and directed to comply with all the provisions of Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement.

4. Petitioner received his law degree from the University of [   ] School of Law in June of 1973 and was admitted to the Bar of Pennsylvania in October of 1973.

5. Except for a period of approximately one year and a half when petitioner served as the Director of [   ] County Community Services, he has basically been engaged primarily in the practice of law, either as a sole practitioner or in partnership or association with other counsel.

6. On June 18, 1979, in a trespass action arising out of an automobile collision, petitioner was representing defendant, [A], before a board of arbitrators. While the case was being heard by the arbitrators, petitioner permitted his law clerk to falsely testify that he was defendant in the lawsuit, giving defendant's address, and stated he was not the driver of the vehicle involved in the accident. Petitioner did not stop his law clerk from testifying and did not later reveal his law clerk's false testimony. As a result of these actions, petitioner was suspended from the Bar of the Commonwealth for a period of six months.

7. Petitioner has complied with the provisions of Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement regarding notification of clients.

8. Petitioner has compiled an outstanding record of community service, both before and during his period of suspension.

9. Because of the prominence of petitioner, the incident giving rise to his suspension received wide newspaper and television publicity, causing petitioner great embarrassment and causing him to consider relocating outside the [  ] County area for a time.

10. Petitioner, having been a member of the Pennsylvania [  ] Commission and the Counsel for the [  ] County Chapter of the [  ], resigned both these positions as a result of the embarrassing publicity surrounding the incident that gave rise to his suspension and withdrew as a candidate for another [  ] County office in order to avoid embarrassing his supporters because of his difficulties.

11. During the period of suspension, petitioner has kept current and abreast with recent developments in the law and has worked part time performing legal research for other attorneys, which work was of high quality.

12. Petitioner recognizes the seriousness of his mistake and his misconduct would appear to be a sole aberration in an otherwise spotless legal and community career.

13. Petitioner has suffered substantial embarrassment and the loss of certain offices as the result of his suspension.

14. The witnesses, all of whom were men of stature, who appeared on behalf of petitioner testified highly to his ability, integrity, character and his competence and obviously held petitioner in very high respect, even following his problem with the Disciplinary Board.

15. The facts and testimony in this case clearly demonstrate that petitioner is capable and qual-

ified to engage in the practice of the law in such a manner as not to be detrimental to the integrity and standing of the Bar or the administration of justice, nor subversive of the public interest.

16. Reinstatement of petitioner to the bar would demonstrate to the community that the bar recognizes petitioner to be an asset to the community and that his conduct in the future would not be detrimental to the interests of the bar.

17. [Petitioner] has demonstrated by clear and convincing evidence that he has the moral qualification, competency and learning of the law required for his re-admission to the Bar of the Commonwealth. He has further demonstrated that his resumption of the practice of the law within this Commonwealth will be neither detrimental to the integrity and standing of the bar or the Administration of Justice nor subversive of the public interest.

## RECOMMENDATION[2]

For the reasons set forth above, the board recommends that [petitioner] be reinstated to the practice of law.

With this report, the board is submitting the entire record in this proceeding, together with a statement of the secretary of the board of any ex-

---

2. Petitioner's formal suspension began on October 19, 1982, so that the six-month period expired as of April 19, 1983. As pointed out by petitioner in his testimony before the hearing committee, he has effectively been subject to a de facto suspension since June of 1982 when the hearing committee returned its recommendation that he be suspended. The board also notes that Disciplinary Counsel offered no evidence at the hearing on the petition for reinstatement and has made no objection to the granting of such relief. In these circumstances, the board recommends that an appropriate order reinstating petitioner be promptly entered.

penses taxable under §93.111 of the Rules of the Disciplinary Board for consideration by the Supreme Court in determining whether petitioner should be directed to pay the necessary expenses incurred in the investigation and processing of the Petition for Reinstatement, pursuant to Rule 218(e) of the Rules of Disciplinary Enforcement.

Messrs. Daniels and Elliott did not participate in the adjudication.

## ORDER

ROBERTS, *C.J.*, and now, August 31, 1983, the recommendation of the Disciplinary Board dated August 10, 1983, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice McDermott did not participate in this matter.